# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

In re:

STEVE W. HARP and
TERESA E. HARP,

              Debtors.

Case No. A10-00021-DMD
Chapter 13

**Filed On**
**12/7/11**

## MEMORANDUM ON THE DEBTOR'S MOTION
## TO ALLOW LATE FILED CLAIMS

On October 19, 2011, the trustee filed and duly noticed an objection to Claim

Nos. 17, 18, 19, 20, and 21.  All of these claims were filed on May 23, 2011, by Valley

Collections, Inc ("VCI").  The claims were filed after the claim bar date of May 17, 2011,

which was set in the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, &

Deadlines ("§ 341 Notice").[1]

The claims filed by VCI list a post office box in Wasilla, Alaska, as the address

where notices should be sent.  The debtors' matrix and Schedule F list a different entity,

"Valley Collection Service," as a creditor, with street address in Glendale, Arizona.[2]  VCI

is not listed on the matrix or Schedule F.  VCI was not served with a copy of the § 341

Notice.[3]

Larry Compton, the chapter 13 trustee, objected to VCI's Claim Nos. 17, 18,

19, 20, and 21.  He contended the claims should be disallowed in full because they were filed

---

[1] Docket No. 7, filed Jan. 20, 2011.

[2] Ch. 13 Petition, filed Jan. 19, 2010 (Docket No. 1), Matrix at 3; Sched. F, filed Feb. 3, 2010 (Docket No. 17) at 16.

[3] BNC Cert. of Notice, filed Jan. 22, 2010 (Docket No. 14), at 5.

late.   The debtors filed a motion to allow the late filed claims.   They say these are all

legitimate prepetition claims which, due to inadvertence, were either not scheduled or were

scheduled with an apparently wrong address.   They contend VCI did not receive notice of

their bankruptcy in time to permit VCI to file timely claims.   A hearing on both the trustee's

claim objections and the debtor's motion to allow late filed claims was held on December 6,

2011.   The matters are now ripe for ruling.

Discussion

        In chapter 7 and 13 proceedings, a claim is timely if it is filed "not later than

90 days after the first date set for the meeting of creditors called under § 341 (a) of the

Code."[4]   There are exceptions to this rule, but none of them are applicable here,[5] and the

bankruptcy court is confined to these exceptions when considering a late filed claim.[6]

Accordingly, the debtors' motion to allow late filed claims cannot be granted.   For the same

reason, the trustee's objections to the late filed claims will be sustained.   VCI will not be

allowed to share in the debtors' plan.

        What are VCI's remedies in this situation? Under 11 U.S.C. § 523(a)(3), a debt

which is not listed or scheduled in time to permit a creditor to file a timely proof of claim is

excepted from discharge.[7]   This means that if VCI did not learn of the debtors' bankruptcy

---

[4] Fed. R. Bankr. P. 3002(c).

[5] *Id.*

[6] Fed. R. Bankr. P. 9006(b)(3) permits the court to enlarge the time for filing a claim "only to the extent and under the conditions stated" in Rule 3002(c).

[7] 11 U.S.C. § 523(a)(3)(A).

2

in time to file its claims, then those claims would not be discharged in this chapter 13 case.[8]

However, there is insufficient information in the record at this point to determine when VCI

learned of the debtors' bankruptcy.  This is a factual issue which requires an evidentiary

hearing for determination.  If VCI wishes to establish that its claims have been excepted from

discharge under § 523(a)(3), it should file an appropriate motion with this court.  VCI should

not simply assume that its claims have been excepted from discharge.

            For the foregoing reasons, the trustee's objections to Claim Nos. 17, 18, 19, 20,

and 21 will be sustained, and these claims will be disallowed, in full.  The debtor's motion

to allow late filed claims will be denied.  An order will be entered consistent with this

memorandum.

            DATED:  December 7, 2011.

                                                BY THE COURT

                                                 /s/ Donald MacDonald IV
                                                DONALD MacDONALD IV
                                                United States Bankruptcy Judge

Serve:  L. Breuer, Esq.
        Valley Collections, Inc., Attn: K. Simpson, P. O. Box 870670, Wasilla, AK  99687-0670
        L. Compton, Trustee
        U. S. Trustee
        Claims Register
                    12/7/11

---

[8] 11 U.S.C. § 1328(a)(2).

3