## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re: | Case No. A10-00021-DMD<br>Chapter 13 |
| STEVE W. HARP, and TERESA E. HARP, | |
| Debtors. | |

## MEMORANDUM RE: PLAN MODIFICATION ISSUES

In response to the chapter 13 trustee's motion to dismiss case for failure to make plan payments, the debtors filed a motion to modify their confirmed plan. Their motion explains that they have fallen behind in plan payments due to the unpredictable nature of their income. They want to reduce their monthly plan payments and extend the plan term from 36 to 54 months. They filed a First Modification to Confirmed Second Amended Chapter 13 Plan on July 2, 2012 (Docket No. 107), which did not comply with the requirements of AK LBR 3015-1(a) because it did not conform to AK LBF 5. The debtors' counsel, Louis Breuer, filed a motion for leave to withdraw the First Modification and substitute an amended modified plan. He also filed a First Modification to Debtors' Confirmed Second Amended Chapter 13 Plan which did follow the format of AK LBF 5 (Docket No. 112) (hereinafter, "First Modification").

The First Modification contains several deficiencies which render it unconfirmable on its face. The court held a status conference on August 14, 2012, to review these with Mr. Breuer and the trustee. At this hearing, the court indicated that it would prepare a list of the problems in the First Modification and give the debtors a period of time

to address the items listed.  If they failed to do so in a timely fashion, the case would be dismissed.

Plan modification after confirmation is governed by 11 U.S.C. § 1329 and Fed. R. Bankr. P. 2002(a)(5).  Under § 1329(a), a debtor may modify a confirmed plan to increase or reduce plan payments or to extend or reduce the time for such payments.[1]  A debtor may also "alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan."[2]  Here, the debtors want to reduce their monthly plan payments and extend the plan period from 36 to 54 months.  These changes are allowable under § 1329(a).  However, the First Modification is flawed several respects.  First, it states that the debtors will make 30 monthly payments of $421.20, commencing as of February 19, 2010, and 24 monthly payments of $290.75 thereafter.  These provisions are incomprehensible, because the start date for the reduced payment of $421.20 is the *same date* that the debtors were to start making payments of $505.25 under their confirmed plan.  The plan modification must be prospective, *e.g.*, it must indicate the total dollar amount that the debtors have paid the trustee, to date, and then provide for the reduced monthly payments *going forward in time*.[3]

---

[1] 11 U.S.C. § 1329(a)(1), (2).

[2] 11 U.S.C. § 1329(a)(3).

[3] The trustee's case status report reflects that the debtors have paid $18,343.00 into the plan as of August 13, 2012.

2

The debtors must also remember that the total plan term cannot exceed 5 years, or 60 months.[4]

The First Modification also fails to comply with AK LBR 3015-1(b)(1) because it only commits the debtors' PFDs for three years. If the plan is modified to provide for a 54-month term, any PFDs received during the extended plan term should also be committed to the plan.

The First Modification says that tax refunds will not be committed to the plan, either during the initial three year period or thereafter. Unlike PFDs, AK LBR 3015-1(b)(1) does not require that tax refunds be committed to the plan. Accordingly, the plan may be modified to eliminate tax refunds from the payment equation. However, the debtors will need to address the other plan payment deficiencies in the First Modification. They must ensure that their subsequent plan modification complies with AK LBR 3015-1(b)(1), accurately states the amounts they have already paid into the plan, and contains an accurate computation of all future payments to be made into the plan, with an accurate calculation of the remaining plan term and final payment date.

There are also problems with the distribution provisions in the First Modification. The most glaring of these are found in subsection (i), "Alternative Payment Instructions to the Trustee." First, this subsection requires the trustee to pay late-filed claims which have been disallowed. The First Modification provides:

_____

[4] 11 U.S.C. § 1322(d); 1329(c).

3

> Claims Numbers 17 - 21, held by Valley Collections, in the aggregate amount of $4,329.10 are deemed allowed without the filing of any new claims, and the Trustee shall pay Valley Collections the sum of $235.42, which amount is intended to be pro-rata with other non-tax, unsecured general creditors, in full satisfaction of its claim[.][5]

Valley Collections filed its claims after the bar date set in this case. Because the claims were tardily filed, the trustee filed an objection to their allowance. Mr. Breuer countered with a motion to allow the late filed claims. After a hearing on December 6, 2011, this court entered an order which disallowed Claims Nos. 17 - 21 and denied the debtors' motion to allow late filed claims.[6] The court noted that it lacked discretion to allow such claims and that the disallowed claims could not share in the debtors' plan.[7] The court further explained that, under the circumstances, Valley Collections' remedies were governed by 11 U.S.C. § 523(a)(3). It stated that if Valley Collections "wishes to establish that its claims have been excepted from discharge under § 523(a)(3), it should file an appropriate motion with this court."[8] The Bankruptcy Code provides no other remedy to Valley Collections. Disallowed claims cannot be paid under the terms of a modified plan. The trustee cannot comply with the alternative payment provisions to Valley Collections found in the First

---

[5] First Modification, filed Jul. 20, 2012 (Docket No. 112), at 2.

[6] Order on Trustee's Obj. to Claims and on the Debtor's Mot. to Allow Late Filed Claims, entered Dec. 7, 2011 (Docket No. 93).

[7] Mem. on the Debtors' Mot. to Allow Late Filed Claims, filed Dec. 7, 2011 (Docket No. 92), at 2.

[8] *Id.* at 2-3.

4

Modification because these provisions violate the Code.  Any future plan modification must delete these provisions.

Subsection (i) of the First Modification contains another unenforceable provision.  Specifically, it provides that the IRS's unsecured tax and interest claims will be paid *in full* before the claims of any other unsecured creditor.  11 U.S.C. § 1322(b)(1) permits a plan to designate classes of unsecured claims, but prohibits unfair discrimination against any unsecured class.  The plan analysis appended to the First Modification indicates that other general unsecured claims will receive plan payments equal to 14.5% of their claim.  Accordingly, the First Modification unfairly discriminates against other general unsecured claims by permitting full payment of the IRS's claim.  The debtors must remove this provision from their next plan modification.  Additionally, the instructions in the First Modification which direct the IRS to apply plan payments in a certain way must be removed.  Assuming the debtors manage to successfully modify their plan and complete all plan payments as required, the same discharge provisions that apply to other unsecured claims will also apply to the unsecured portion of the IRS's claim.[9]  There is no basis for directing an order of payment to the IRS.

The First Modification discusses the treatment of a secured claim for Ford Motor Credit.  It says that this claim, with an estimated balance of $2,193.00, will be paid outside the plan.[10]  The court notes that Ford Motor Credit is not on the matrix and has not

---

[9] 11 U.S.C. § 1328(a).

[10] First Modification (Docket No. 112), at 3.

5

filed a claim in this case.  Also, under the terms of the earlier, confirmed plan, this claim was to be paid off in two or three payments of $335.00 each.  Mr. Breuer indicated at the status conference that this claim may now, in fact, be paid in full.  The debtors' next plan modification must clarify this point, accurately state the outstanding balance due Ford Motor Credit and, if there is still an outstanding balance, specify how it will be paid.

There are some procedural points which should also be addressed.  First, Mr. Breuer did not need to to seek leave of court to file the First Modification.  His Motion for Leave to Withdraw Previously Filed First Modification and to Substitute Subsequently Filed First Modification (Docket No. 111) was unnecessary.  It will, therefore, be denied.

Additionally, Mr. Breuer filed an *ex parte* motion for permission to notice the plan modification pursuant to Fed. R. Bankr. P. 3015(g), which provides, in part:

> *The clerk, or some other person as the court may direct*, shall give the debtor, the trustee, and all creditors not less than 21 days notice by mail of the time fixed for filing objections [to the proposed modification] and, if an objection is filed, the hearing to consider the proposed modification, *unless the court orders otherwise with respect to creditor who are not affected by the proposed modification.*[11]

Mr. Breuer asks that the debtors, rather than the Clerk, be permitted to give notice of plan modification.  The duty to give notice of a proposed plan modification is

---

[11] Fed. R. Bankr. P. 3015(g) (emphasis added).

6

already imposed upon the debtors (or other moving party) under AK LBR 2002(a)(4).  Mr. Breuer does not require leave of court to notice the debtors' plan modification.

Mr. Breuer also requests permission to notice the debtors' plan modification only to creditors who have filed claims in this case.  Sixteen timely claims have been filed and Valley Collections has filed five tardy claims.  Because Mr. Breuer is not an electronic filer, he would also be required to mail notice of the plan modification to the chapter 13 trustee, the United States Trustee, and Mr. Richard Pomeroy, who appears in this case on behalf of the Internal Revenue Service.  Further, as noted above, Ford Motor Credit is also a creditor of the debtors', although it is not listed on the matrix.  If the notice requirements were "short listed" under Fed. R. Bankr. P. 3015(g), these are the parties that would have to be served with the plan modification.  In comparison, the full matrix lists 49 parties, or double the "short list."  Given that the claim bar date expired long ago, there is no purpose in serving a plan modification on creditors who failed to file claims, because these creditors cannot share in the plan distribution.  Therefore, the court will grant Mr. Breuer's Rule 3015(g) motion.  He must include the parties the court has identified above for the "short list" to be served under Rule 3015(b).

The debtors will be given 40 days to prepare and file a second amended plan modification and notice it in accordance with Fed. R. Bankr. P. 2002(a)(5) and 3015(g).  If they fail to do so within this time frame, their case will be dismissed without further notice or hearing.  An order will be entered consistent with this motion.

7

DATED:  August 20, 2012

BY THE COURT

 /s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  L. Breuer, Esq.
         R. Pomeroy, Esq.
         L. Compton, Trustee
         U. S. Trustee